IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

January 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

FIRST CITIZENS BANK OF CLEVELAND,   ) BRADLEY CHANCERY
                                    ) C. A. NO. 03A01-9806-CH-00203
                                    )
    Plaintiff/Counter-defendant/    )
      Appellee                      )
                                    )
                                    )
vs.                                 )
                                    )
                                    )
CAROL CROSS                         ) HON. EARL HENLEY
                                    ) CHANCELLOR
    Defendant/Counter-Plaintiff/    )
      Third-Party Plaintiff/        )
      Appellant                     )
                                    )
and                                 )
                                    )
MARYLAND ASSURANCE COMPANY OF       )
AMERICA,                            )
                                    )
    Defendant                       )
                                    )
vs.                                 )
                                    )
                                    )
LARRY McSPADDEN, Individually and   )
employee/agent for First Citizens   )
Bank of Cleveland,                  )
                                    )
    Third-Party Defendant/Appellee  ) REVERSED AND REMANDED


RICHARD A. FISHER, Logan, Thompson, Miller, Bilbo, Thompson &
Fisher, P.C., Cleveland, for Appellant, Carol Cross.


ROGER E. JENNE, Jenne, Scott & Jenne, Cleveland, for First Citizens
Bank of Cleveland and Larry McSpadden.


MICHAEL P. MILLS, Mills & Cooper, Nashville, for Maryland Assurance
Company of America.

O P I N I O N

McMurray, J.

In its simplest terms, this case originated as a suit on promissory notes executed by the defendant, Cross (Cross), in favor of the plaintiff, First Citizens Bank of Cleveland (the bank) and secured by deeds of trust on real property owned by Cross. Collateral issues relate to the liability of the defendant, Maryland Assurance Company of America (Maryland) for monies alleged to be due under a policy of insurance insuring the properties which were subject to the deeds of trust. To the complaint, the defendant, Cross, responded with an answer, counterclaim and third-party complaint and therein demanded a jury to try the issues joined. The counterclaim and third-party complaint (against Larry McSpadden) alleged, among other things, that the bank through its agents and employees agreed with Cross that it would notify the insurance company that the loans to Cross were to be increased and that additional insurance would be required. Cross further alleges that Larry McSpadden, individually and as employee/agent for the bank, agreed to handle the matter with the insurance company. In short, no additional insurance was procured. The property in question was destroyed by fire and the insurance proceeds were insufficient to pay the indebtedness owed by Cross to the bank.

Notwithstanding the demand for a jury trial by Cross, the

2

Chancellor denied a trial by jury and tried the case at a bench trial. A monetary judgment based on the original complaint was entered against Cross in the aggregate of $85,948.85 including attorney's fees. All other actions were dismissed.

The appellant has presented several issues for our consideration and review. However, since we find the issue relating to the court's denial of a jury trial to be dispositive of this appeal, all other issues are pretermitted. Specifically, we find that the denial of a jury trial was error. Accordingly we reverse the judgment of the trial court and remand the case to the trial court for further proceedings in accordance with prevailing law and procedural requirements.

Rule 38 of the Tennessee Rules of Civil Procedure provides in pertinent part as follows:

> **38.01 Right Preserved.** — The right of trial by jury as declared by the Constitution or existing laws of the state of Tennessee shall be preserved to the parties inviolate.

> **38.02 Demand.** — Any party may demand a trial by jury of any issue triable of right by jury by demanding the same in any pleading specified in Rule 7.01 or by endorsing the demand upon such pleading when it is filed, or by written demand filed with the clerk, with notice to all

3

parties, within fifteen (15) days after the service of the last pleading raising an issue of fact.[1]

Cross endorsed a jury demand on her answer, counterclaim and third-party complaint. The trial court entered an order denying a jury trial on the following grounds:

> Upon consideration of the record and argument of counsel, the court is of the opinion that defendant's failure to note her demand for a jury, upon the face of her responsive pleading in which same was requested, pursuant to Local Rule 2.02, deprives her of a right to a jury trial in this case. Further, the court finds that the issues in this case are not appropriate for a jury trial.

The court failed to make known in its order why the issues raised in the pleadings "are not appropriate for a jury trial." It appears from the record that he may have concluded that the trial of the case required a "complicated accounting" and thus was not within the purview of a right to trial by jury in a chancery action.

Tennessee Code Annotated Section 21-1-103 provides as follows:

> **Right to trial by jury.** — Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, save in cases

---

[1]Rule 7.01 Tenn. R. Civ. Pro. specifies the following pleadings: Complaint, answer, reply to a counterclaim, an answer to a cross-claim, a third-party complaint and a third-party answer.

4

involving complicated accounting, **as to such accounting**, and those elsewhere excepted by law or by provisions of this Code, and all the issues of fact in any proper cases shall be submitted to one (1) jury.  (Emphasis added).

Our Supreme Court in Greene County Union Bank v. Miller, 75 S.W.2d 49 (Tenn. App. 1934) enunciated some of the factors to be considered in determining whether the case in question involved a complicated accounting.  The court stated:

If it is a case for complicated accounting, such party has no right to demand or have a trial by jury. The foundation of jurisdiction in equity in a case of complicated accounts is based upon the inadequacy of the legal remedy, as where there is an embarrassment in making proof, the necessity of discovery, or the production of books and papers, or where it would be difficult, if not impossible, for a jury to unravel the numerous transactions involved, and justice could not be done except by employing the methods of investigation peculiar to courts of equity.

Id. at 52

We are of the opinion that the case under consideration does not fall within that class of cases requiring such a complicated accounting as contemplated by Greene.  Further, it would appear from a reading of the statute above cited, a party has a right to a jury trial on issues other than those relating to a complicated accounting.  In any event, this case does not fall within the exception in the statute relating to complicated accounting.

5

We will next turn our attention to the denial of a jury trial because Cross failed to comply with Local Rule 2.02. In Brown v. Daly, 884 S.W.2d 121 (Tenn. App. 1994), this court reiterated the principles set out in Craven v. Dunlap, No. 02A01-9202-CH-00027, 1993 WL 137584 (Tenn. App. May 3, 1993):

> ... In Craven, the issue involved Rule 21(a) of the Shelby Chancery Court which requires a party requesting a jury to endorse on the face of the pleading the words "JURY DEMANDED." Plaintiffs in that case failed to comply with that rule, and consequently, a jury panel was not summoned for the day of trial. The trial was reset, and the chancellor agreed not to overrule plaintiffs' jury demand if plaintiffs would pay the other litigants' partial legal expenses incurred during the delay in summoning a jury. When they refused to do so, the court denied plaintiffs' jury demand on the ground that they failed to comply with Local Rule 21(a). This court reversed on appeal, stating:
>
> > no rule of court is ever effective to abrogate or modify a substantive rule of law. The Tennessee Rules of Civil Procedure are "laws" of this state. The trial court could not limit by rule the means provided by general law for exercising the right to trial by jury.
>
> Craven, No. 02A01-9202-00027, at 5 (citations omitted).
>
> Tennessee Code Annotated § 16-2-511 and Rule 18 of the Rules of the Supreme {S.W.2d 124} Court vest in the trial courts the power to adopt local rules. However, the Tennessee Rules of Civil Procedure are laws of this state and no rule of court is ever effective to modify or abrogate a law. See Tennessee Dept. of Human Resources v. Vaughn, 595 S.W.2d 62, 63 (Tenn. 1980). In light of our holding in Craven, this court is of the opinion that Shelby County Chancery Court Rule 21 is null and void ab initio to the full extent that it conflicts with the inviolate right to trial by jury as provided by T.R.C.P. 38. We are of the opinion that the chancellor erred in denying plaintiffs' demand for a jury. ...

6

Brown, at 123 & 124.


We concur in the opinion in Craven as reiterated in Brown.  We therefore hold that the chancellor erred in denying the defendant's jury demand in this case.  Accordingly, we reverse the judgment of the trial court and remand the case for a trial by jury in accordance with prevailing law.  Costs are assessed to the appellees.


_____
Don T. McMurray, Judge

CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

FIRST CITIZENS BANK OF CLEVELAND, ) BRADLEY CHANCERY
) C. A. NO. 03A01-9806-CH-00203
)
   Plaintiff/Counter-defendant/ )
    Appellee )
)
)
vs. )
)
)
CAROL CROSS ) HON. EARL HENLEY
) CHANCELLOR
   Defendant/Counter-Plaintiff/ )
    Third-Party Plaintiff/ )
    Appellant )
)
and )
)
MARYLAND ASSURANCE COMPANY OF )
AMERICA, )
)
   Defendant )
)
vs. )
)
)
LARRY McSPADDEN, Individually and )
employee/agent for First Citizens )
Bank of Cleveland, )
)
   Third-Party Defendant/Appellee ) REVERSED AMD REMANDED

**JUDGMENT**

This appeal came on to be heard upon the record from the Chancery Court of Bradley County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was reversible error in the trial court.

We reverse the judgment of the trial court and remand the case for a trial by jury in accordance with prevailing law.  Costs are assessed to the appellees.


PER CURIAM